Elbridge G. Davis & another, trustees in bankruptcy, *vs.* Tremont Trust Company.

Suffolk. November 21, 1919. — January 9, 1920.

Present: Rugg, C. J., Braley, De Courcy, & Pierce, JJ.

*Agency*, Scope of authority. *Evidence*, Extrinsic affecting writings. *Equity Pleading and Practice*, Findings of judge, Exceptions.

If, at the hearing of a suit in equity against a bank, a material agreement, bearing the signature of one who signed it as "Asst. Treas." of the bank, is admitted in evidence subject to an exception based upon a contention that no authority in the assistant treasurer to sign was shown, and the judge who heard the case finds, without a report of the evidence, that "the defendant, by . . . its assistant treasurer, then acting as its treasurer and thereunto duly authorized, entered into . . . [the] agreement," the exception must be overruled.

Where several agreements upon separate documents between a bank and various parties and a corporation, relating to loans to be secured by construction mortgages upon several lots of land owned by the corporation, were delivered on the same day, an exception, at the hearing of a suit where the evidence warranted a finding that all of the documents constituted one transaction, to the admission in evidence of one of the documents on the ground that it varied the others, must be overruled.

An exception to a refusal of a request, by the defendant in a suit against a bank to compel the cancellation of construction mortgages upon certain lots of land, for a ruling that the plaintiff should be compelled to repay to the defendant a sum paid by the plaintiff out of money advanced by the defendant for commissions, must be overruled, where the judge who heard the case made a finding, without a report of the evidence, from which it clearly appeared that no money was advanced by the defendant on the mortgages involved in the suit.

BILL IN EQUITY, filed in the Superior Court on October 16, 1918, by the trustees in bankruptcy of the New England Fireproof Construction Company, to compel the cancellation of thirteen construction mortgages upon land in Brookline.

In the Superior Court the suit was heard by *Jenney,* J. Material facts found by him are described in the opinion. There was no report of the evidence. The defendant asked for the following rulings:

"1. Upon all the evidence the plaintiffs' bill must be dismissed."

"5. The plaintiffs are not entitled to redeem the lots in question, or to have the mortgages thereon to the defendant discharged, except upon the payment to the defendant of the interest upon the aggregate amount of said mortgages, less the amount deducted by the defendant as interest in advance, from the date of the mortgages to the date of the decree herein.

"6. The plaintiffs are not entitled to redeem the lots in question, or to have the mortgages thereon to the defendant discharged, except upon payment to the defendant of the amount of the loss of interest which it sustained by reason of its obligation to hold uninvested and ready to advance to the several mortgagors, or to their successor in title, the plaintiffs' bankrupt, the payments provided for in its agreements with the mortgagors.

"7. There is due the defendant under the mortgages in question and the collateral agreements as to advances for construction contemplated upon the premises described in said mortgages: . . .

"(b) The interest which it lost by reason of the withholding by it from investment and subject to the requirements of its contract, of the sums which it agreed to advance to the mortgagors for construction purposes; ·

"(c) The amounts paid by it for the excavation, or partial excavation, of cellars upon some of the lots in question in contemplation of construction pursuant to the terms of its agreements in evidence; and

"(*d*) The amount paid by it under compulsory order of the United States Internal Revenue Commissioner, as income tax, on the amount of interest which was taken out in advance under the mortgages and agreements in question, but which, owing to the mortgagors' default, the defendant never in fact received.

"8. The defendant is entitled to charge to the account of the mortgages in question, and to receive from the plaintiffs upon redemption or cancellation: . . .

"(*b*) Whatever interest is due it to date in accordance with the terms of the mortgages and mortgage notes; and

"(*c*) Any sum expended by it for the excavation, or partial excavation, of cellars upon the mortgaged premises.

"9. The defendant is entitled, also, to receive from the plaintiffs upon redemption or cancellation such sum, if any, as the court shall find the plaintiffs' bankrupt paid to Mr. Culbert as brokerage commission out of the money advanced to·it by the defendant for construction purposes under the agreements."

As to the ninth ruling requested, the judge found "that the New England Fireproof Construction Company did pay Mr. Culbert, the broker obtaining the mortgages from the defendant in behalf of the mortgagor, a brokerage commission of $6,000 out of money advanced to it by the defendant for construction purposes under the construction agreements, and upon the mortgages upon lots numbered one to fifteen, both inclusive." He also found "that no money was advanced on the mortgages involved in this suit because of said excavation or in any way relating thereto."

The judge denied the other requests for rulings and ordered that a decree be entered for the cancellation and discharge of the mortgages upon payment of an amount which he found to be due to the defendant for taxes and interest. The defendant alleged exceptions.

*Asa P. French*, for the defendant.

*G. H. Brown*, (*R. F. Tift* with him,) for the plaintiffs.

DE COURCY, J. The plaintiffs, as trustees in bankruptcy of the New England Fireproof Construction Company, brought this bill in equity to compel the cancellation of thirteen construction mortgages held by the defendant upon as many lots of land in Brookline owned by the bankrupt corporation. The trial judge filed a finding of facts and ordered a decree for the cancellation and

discharge of the mortgages upon payment of the amount due the defendant for taxes and interest. Instead of adopting the usual course of appealing from a final decree and bringing the entire evidence before us, the defendant has preferred to file a bill of exceptions. The record contains the pleadings, the judge's findings of fact with the exhibits therein referred to, and the defendant's requests for rulings; but it does not include any of the oral testimony.

In December, 1916, the New England Fireproof Construction Company (hereinafter called the Construction Company), was owner of a tract of land in Brookline comprising twenty-eight lots; and it arranged with the defendant for loans with which to erect houses thereon. Each lot was conveyed to a "straw man," who simultaneously executed a construction mortgage and note to the defendant trust company and a "construction agreement" to erect an apartment house on the lot. These agreements were assigned to the Construction Company, which began to erect houses on lots numbered one to fifteen inclusive. Later the mortgages on these lots were foreclosed by the defendant. The mortgages involved in the present suit are those on lots numbered sixteen to twenty-eight inclusive.

The first exception is to the admission in evidence of a letter or agreement, dated December 30, 1916, and signed "Tremont Trust Company, Benjamin H. Swig, Asst. Treas.," wherein the time for the payment of all the mortgages was extended. It contained the following: "The Bank agrees to make an allowance for the interest paid by you on the thirteen houses from this date up to the day when concrete is started for a foundation in any one of the said thirteen houses, or up to the date when written notice to proceed on said buildings has been given to you by the Bank as provided above." The alleged lack of authority in the acting treasurer is disposed of, in the absence of the evidence, by the judge's finding that "the defendant, by Benjamin H. Swig, its assistant treasurer, then acting as its treasurer and thereunto duly authorized, entered into . . . [said] agreement." He further finds: "At the time of the execution of this agreement, the bank gave credit on the mortgages on all of said lots by the indorsement on the back of each note of six months' interest." Nor can we say that this paper was inadmissible as varying the other written

agreements. They were all delivered on the same day, and the judge well may have found that the whole contract between the parties was not embodied in a single one of these agreements, but was to be gathered from all.

Another exception is to the judge's refusal to give the defendant's ninth request, relating to the payment by the Construction Company to one Culbert of a brokerage commission out of money advanced by the defendant. But this request was rendered immaterial by the judge's finding that no money was advanced by the defendant on the mortgages involved in this suit.

No other exceptions have been argued by the defendant. But it may be added that those numbered 7 (*c*) and (*d*) are disposed of by express findings. As to 5 and 6 the finding of the judge is as follows: "It claims to hold said mortgages as security for six per cent interest lost, after the expiration of the time for which interest has been credited as hereinbefore set forth, while so holding the property, but I find and rule that it is not entitled to hold the same as security for said interest under the terms of the mortgage, the construction agreement, and the agreement dated December 30, 1916, hereinbefore referred to."

*Exceptions overruled.*