LIONEL E. SAMUELS *vs.* W. H. MINER CHOCOLATE COMPANY.

Hampden.     February 24, 1920. — March 29, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Finding by judge, Auditor's report. *Contract,* Construction, Performance and breach.

From the report of an auditor, to whom was referred an action of contract for an alleged breach by the defendant of an agreement to sell and deliver to the plaintiff two thousand barrels of cocoa powder by lot shipments, it appeared that, following conversations between the parties which were not in evidence, the defendant wrote to the plaintiff "confirming" the conversations "as per contract enclose," and that the "contract," although it contained a provision that the seller had "the privilege of billing and shipping all goods not withdrawn at the expiration of this contract," contained no promise as to the amounts or number of the lot shipments. The report contained sentence extracts from several letters between the parties bearing upon that subject and then the following statement: "From the remainder of the above correspondence and the confirmation and such inferences of fact as may be drawn therefrom I find . . . ," which was followed by a finding that the lot shipments were to be "in such amounts, not to exceed one hundred (100) barrels per week, as the plaintiff should direct." The plaintiff so directed shipments that, when the contract had eleven weeks only to run, there were more than fourteen hundred barrels uncalled for by the plaintiff. The defendant then cancelled the contract. It also appeared that the plaintiff failed to send a check for each lot ordered by him before shipment was made, which, the auditor found, was a requirement of the agreement. A judge of the Superior Court, who heard the case upon the auditor's report as the only evidence, found for the defendant. *Held,* that

(1) The judge was warranted in finding that the contract between the parties was not wholly embodied in the letter of confirmation of the plaintiff's order;

(2) The judge was warranted in finding that the plaintiff had broken the contract, that the breach went to its essence, that the cancellation by the defendant was warranted; and in finding for the defendant.

CONTRACT for breach of an agreement of the defendant to sell and of the plaintiff to buy two thousand barrels of cocoa powder. Writ dated November 16, 1919.

The action was referred to an auditor. The material portion of the defendant's letter of April 17, 1917, referred to in the opinion, was as follows: "Confirming conversations over the 'phone last night and this afternoon, we have booked you with two thousand (2000) barrels of Cocoa, as per contract enclose, to be drawn for during the year 1917 at $11\frac{1}{2}$ c. per lb."

The auditor found, "The conversations referred to in this letter were not introduced in evidence."

The "confirmation" referred to in the foregoing letter was signed by the defendant and contained the following, among other, provisions:

"Gentlemen:

"We take pleasure in confirming your order give Mr. Miner for the following goods:

| Number of Packages | Containing | Description | Price |
|---|---|---|---|
| 2,000 barrels | Cocoa | | $11\frac{1}{2}$ c. per lb. |

"Entire amount to be drawn during year 1917.   First shipment starting May 15th, 1917.   Check for each lot to be sent before shipment is made.   2% to be allowed on the above price on account of cash rec'd. . . .

"TERMS: 30 days NET, or CASH 10 days less 2 per cent. . . .

"The Seller has the privilege of BILLING and SHIPPING ALL GOODS not withdrawn at the expiration of this CONTRACT. . . ."

The report of the auditor continued as follows: "The above confirmation of the contract between the parties does not provide for the manner in which the cocoa was to be drawn by the plaintiff. It does provide, however, that a check should be sent for 'each lot' before shipment, and that the 'first shipment' should be made May 15, 1917. On July 23, 1917, the plaintiff wrote the defendant as follows: 'Up to the present time we are entitled to at least nine hundred barrels (900) according to our contract.' On July 27, 1917, the defendant wrote the plaintiff in reply to his letter of July 23, 1917, that 'According to our un-

derstanding we were to begin delivery May 15, fifty (50) barrels per week.' On September 27, 1917, the defendant wrote the plaintiff as follows: 'There is remaining about thirteen weeks to fulfill your contract of fifty (50) barrels a week. Under no circumstances will we accept an order for a larger quantity than one hundred (100) barrels a week.'

"As will be seen by the quotations from letters hereinafter referred to, the plaintiff, on several occasions, ordered one hundred barrels of cocoa but never more than that amount at any one time."

Then followed, in the auditor's report, the findings quoted in the first paragraph of the opinion.

Following other findings, described in the opinion, the auditor found and ruled as follows: "I find that the plaintiff waived any failure on the part of the defendant to deliver cocoa according to the terms of the contract prior to October 16, 1917, other than as involved in the purchases that were made by the defendant of cocoa from other manufacturers for the plaintiff, and the plaintiff had taken no steps to terminate the contract prior to October 16, 1917, when cancelled by the defendant.

"I rule that the failure of the plaintiff to order cocoa subsequent to August 15, 1917, and to take delivery and pay for the same in instalments between that date and October 16 was not a breach of his contract with the defendant in view of the terms of the contract and the circumstances of the case, as hereinabove recited, and that the plaintiff was, therefore, entitled to have delivered to him one hundred barrels per week for the remainder of the year 1917."

The auditor reported that, if "the rulings above stated are correct, and if, as matter of law, it should be held that the failure of the plaintiff to take deliveries did not constitute a breach so material as to justify the defendant in refusing to proceed with the performance of the contract," he found that the plaintiff was entitled to recover the sum of $5,954; and that if, "on the other hand, the ruling is not correct, and as a matter of law, it should be held that the failure of the plaintiff to take deliveries constituted a breach so material as to justify the defendant in refusing to proceed further with the performance of the contract, then, I find that the plaintiff is not entitled to recover in this action."

The action was heard in the Superior Court by *Jenney,* J., the auditor's report being the only evidence. The plaintiff asked the judge to make the following findings of fact: "From the contract and correspondence set out in the auditor's report, and such inferences of fact as may be drawn therefrom, the court finds that the contract between the plaintiff and the defendant was for the purchase and delivery of two thousand barrels of cocoa at eleven and one half cents per pound, the same to be drawn between May 15, 1917, and December, 1917, in such reasonable amounts as the plaintiff saw fit to order out."

The judge refused so to find, found for the defendant and reported the case to this court for determination.

The case was submitted on briefs.

*C. S. Ballard, C. J. Weston & J. L. Young,* for the plaintiff.

*R. W. Ellis, E. H. Brewster & T. W. Ellis,* for the defendant.

DE COURCY, J. The judge was warranted in finding that the contract between the parties was not wholly embodied in the defendant's letter of April 17, 1917, confirming the plaintiff's order. See *Davis* v. *Tremont Trust Co.* 234 Mass. 502. He had before him the report of the auditor in this respect, which was as follows: "From the remainder of the above correspondence and the confirmation and such inferences of fact as may be drawn therefrom I find that the contract between the plaintiff and the defendant was for the purchase and delivery of two thousand (2000) barrels of cocoa at eleven and one-half cents ($11\frac{1}{2}$ c.) per pound, to be shipped by the defendant at such times and in such amounts, not to exceed one hundred (100) barrels per week, as the plaintiff should direct. The plaintiff was not obliged to draw each and every week or at any particular time. On the other hand the defendant was not obliged to deliver in excess of one hundred (100) barrels per week. The whole two thousand (2000) barrels to be ordered shipped by the plaintiff during the year 1917, the first shipment to be made May 15, 1917. Payment for each shipment was to be made in advance and two per cent (2%) discount was to be allowed the plaintiff for cash."

There was some delay on the part of the defendant in shipping cocoa to the plaintiff during June and July, owing to its inability to obtain the additional presses which it ordered. The auditor has found, however, that the plaintiff "waived any failure on the

part of the defendant to deliver cocoa according to the terms of the contract prior to October 16, 1917." On September 4, 1917, the defendant wrote the plaintiff "we will ship you one hundred (100) barrels this week and from this on we will be able to ship you about one hundred (100) barrels a week." As matter of fact the defendant did ship one hundred barrels on September 5. The plaintiff before the arrival of this shipment wrote "as we had to go into the market last week and buy cocoa we would like to have you defer shipment as we are cramped for room." This statement was untrue; the plaintiff had not made such purchase. The last order actually sent by him was on August 15. On September 18 he wrote the defendant not to ship any more cocoa "until we advise you, as we are very cramped for room. We will let you know exactly when we need our next shipment." On September 27 the defendant wrote the plaintiff "this is to call your attention to your contract with us for cocoa powder. There is remaining about thirteen weeks to fulfil your contract. Under no circumstances will we accept an order for a larger quantity than one hundred (100) barrels a week, and we insist on this being placed with us now to complete your contract; otherwise we wish to cancel it." Finally on October 16 the defendant wrote the plaintiff "the discontinuance of orders for cocoa powder from you has necessitated our cancelling your contract for cocoa powder." To this letter the plaintiff did not reply.

The trial judge found for the defendant. That finding must stand if there was any substantial evidence to support it. The contract required the plaintiff to order the entire two thousand barrels between May 15 and December 31. When the contract was cancelled on October 16 there remained only about eleven weeks of the contract period. As only five hundred and fifteen barrels had then been ordered by the plaintiff, there remained fourteen hundred and eighty-five barrels; and the defendant was under no obligation to ship more than one hundred barrels per week. In addition to the failure of the plaintiff to send orders in compliance with his contract, there was a further neglect on his part to comply with the agreement, in his omission to forward a check for each lot before shipment was made. In the absence of any evidence to justify such conduct on the part of the plaintiff, we cannot say that the judge was not warranted in finding that he had

broken the contract on his part, that his breach went to the essence of the contract, and that it justified the defendant in cancelling the rest of the order. *Dudley* v. *Wye*, 230 Mass. 350. Accordingly judgment must be entered for the defendant.

*So ordered.*