THE JOHN SERVICE INCORPORATED *vs.* GOODNOW-PEARSON
COMPANY.

Worcester.     September 27, 1922. — October 10, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Sale,* Acceptance, Rescission.  *Contract,* Performance and breach.  *Damages,*
For breach of contract.

At the hearing by a judge without a jury of an action to recover the contract price
for a series of advertising letters to be manufactured by the plaintiff especially
for the defendant and not suitable for sale to others in the ordinary course of the
plaintiff's business, it appeared that the first series of letters delivered under
the contract was so defective as to justify a rescission of the contract by the
defendant; that the defendant, with full knowledge of this condition, wrote a
letter to the plaintiff stating that many of the letters were "so poor that we
cannot send them out" and closing with the statement that "under the circum-
stances we feel obliged to ask you to cancel the balance of the entire series;"
that at the time of the receipt of this letter, labor and expense of material still
were necessary on the part of the plaintiff to fulfil his obligation under the
contract; that afterwards the defendant sent out and used nearly all this ship-
ment; that a later shipment, suitable in quality, was sent to the defendant and
that a salesman of the plaintiff, when informed that the shipment could not be
used, with the understanding, induced by the defendant and without the sales-
man's fault or the fault of the plaintiff, that the shipment had been examined
by the defendant and found defective, authorized its return and that it was
returned but not within a reasonable time. The answer made no claim in
recoupment. *Held,* that

(1) A ruling, that the defendant had accepted the first shipment and there-
after could not rescind the sale or the contract by reason of its defective quality,
was proper under G. L. c. 106, § 58, cl. 3;

(2) It was proper to refuse a request for a ruling under G. L. c. 106, § 38,
that there was no evidence to support any express or implied agreement that
the acceptance of the goods should constitute a waiver of the defendant's rights;

(3) A request by the defendant for a ruling, that "If the goods received by
the defendant in the first shipment were of no value to the plaintiff . . . the
defendant was not bound to return the goods in order to exercise its right to
rescind," was properly refused;

(4) A finding for the plaintiff for the full contract price of the goods shipped
in the two shipments was justified, the defendant properly being left to pursue
his rights for breach of warranty in an independent action if he should so choose;

(5) A ruling and a finding, as to the remainder of the deliveries under the
contract, that the plaintiff was entitled to recover only such damages as it would
have suffered if it had done nothing toward carrying out the contract after the
defendant's letter following the first shipment, taking into consideration the
profit which would have been made if the contract had been fully performed,
were correct.

CONTRACT for the contract price for personal service advertising letters to be prepared by the plaintiff expressly for the defendant. Writ dated November 6, 1920.

In the Superior Court, the action was heard by *Qua,* J., without a jury. Material facts found by him are described in the opinion. He refused to give the following rulings, asked for by the defendant:

"6. The defendant exercised its right to rescind in due time.

"7. The defendant exercised its right to rescind in proper manner."

"9. The use by the defendant of a part of the first shipment of the department store series was not a waiver of the right to rescind."

"11. There is no evidence in this case of an express or implied agreement that acceptance of the goods shall constitute a waiver of defendant's rights.

"12. The defendant was not bound to return to the plaintiff the shipment, or shipments, that it refused to accept.

"13. The purpose and nature of the letters made it essential that each set furnished be satisfactory and in such shape that the entire set could be used before the right of the plaintiff to furnish subsequent sets of the same series accrued."

"30. If the goods received by the defendant in the first shipment were of no value to the plaintiff (on the plaintiff's own story) the defendant was not bound to return the goods in order to exercise its right to rescind."

"32. Upon the evidence there was a single contract for both series, and any failure to perform any part of either series justified the defendant in cancelling the entire contract."

There was a finding for the plaintiff in the sum of $456.25; and the defendant alleged exceptions.

*S. M. Salny,* for the defendant.

*P. F. Ward,* for the plaintiff, submitted a brief.

PIERCE, J. This is an action of contract to recover the contract price of a series of letters. The facts as disclosed by the pleadings and by the judge's finding of fact, which it is agreed may be referred to, show that the defendant on March 26, 1920, entered into a contract with the plaintiff, whereby the plaintiff agreed to sell and the defendant agreed to buy eighteen thousand personal service letters, with additional envelopes, at $50 per thousand.

By the contract the letters and envelopes when delivered were to consist of two sets or series — one, called the "Mothers' Series," was for six instalments of one thousand letters each; the other, called "Department Series," was for six instalments of two thousand letters each. The letters in each series were dependent upon each other and supposed to be cumulative in making an advertising appeal to prospective customers. They were to be made by the seller especially for the buyer, and were not suitable for sale to others in the ordinary course of the seller's business. It is agreed that there was but one oral contract of sale for the two series and that the statute of frauds is not a defence. The answer of the defendant is a general denial, unaccompanied by a plea in recoupment.

On May 18, 1920, the first shipment of letters of the first instalment arrived and the defendant on the same day, after examining two or three hundred of them, wrote the plaintiff a letter wherein it complained that many of the letters sent "are so poor that we cannot send them out," and closed the letter with the statement that "under the circumstances we feel obliged to ask you to cancel the balance of the entire series for both women and mothers." The plaintiff under date of May 19, 1920, replied: "Thank you for your letter of the 18th with two enclosures. You are justified in your complaint. The work is not up to standard. This may have been due to the limited time in which these letters had to be put through."

As regards the contractual relation of the parties and the quality of the instalment the judge found "that the first shipment of letters . . . was defective; that the buyer had made known to the seller the particular purpose for which the goods were required, and relied upon the seller's skill, and that said first shipment was not reasonably fit for such purpose." Under such contractual conditions of fact there is an implied warranty that the goods shall be of merchantable quality. St. 1908, c. 237, § 15, cl. 1, now G. L. c. 106, § 17, cl. 1. The judge further found and ruled that "the plaintiff's breach of contract in respect of this first instalment of letters was so material as to justify the defendant in rescinding the contract altogether." The ruling based upon the finding was right. St. 1908, c. 237, § 45, cl. 2 (see now G. L. c. 106, § 34, cl. 2). After the defendant had learned by

examination of the letters delivered the nature and degree of the defects in the material quality of the letters, and after it had sent its letter of complaint to and received the reply of the plaintiff, it sent out and used nearly all of the first shipment. In consequence and because of such use of the defective letters the judge found and ruled that "the defendant accepted said first shipment of letters, and actually used nearly all of them for the purpose for which they were intended, notwithstanding their defective quality, and did so with full knowledge of the plaintiff's breach of warranty, and therefore could not rescind the sale." This ruling upon the facts found was in accordance with St. 1908, c. 237, § 69, cl. 3 (see now G. L. c. 106, § 58, cl. 3).

The defendant claims that there is no evidence to support any express or implied agreement that the acceptance of the goods shall constitute a waiver of the defendant's rights. Its request for a ruling to that effect was properly denied. St. 1908, c. 237, § 49 (see now G. L. c. 106, § 38), relied upon in support of the request for the ruling, is not applicable to a buyer's acceptance and use of an instalment of goods which is defective in quality. Where there is a breach of warranty, express or implied, of the quality of goods delivered in instalments the buyer may elect to accept and receive them as conforming to the contract, or he may receive them and set up the breach of warranty as a defence in whole or in part to the seller's claim for compensation; or he may return or offer to return the goods to the seller in substantially as good condition as they were at the time they were transferred to the buyer; or he may accept or keep the goods and maintain an action against the seller for such breach. St. 1908, c. 237, § 69 (see now G. L. c. 106, § 58). *Hunt* v. *Brown*, 146 Mass. 253, 255. *Riley* v. *Hale*, 158 Mass. 240, 246. *Gilmore* v. *Williams*, 162 Mass. 351. *Cox* v. *Wiley*, 183 Mass. 410.

The defendant's request for a ruling that "If the goods received by the defendant in the first shipment were of no value to the plaintiff . . . the defendant was not bound to return the goods in order to exercise its right to rescind" was properly refused. It was said in *Perley* v. *Balch*, 23 Pick. 283, at page 286: "He [the purchaser] cannot rescind the contract, and yet retain any portion of the consideration. The only exception is, where the property is entirely worthless to both parties. In such case the return

would be a useless ceremony, which the law never requires. The purchaser cannot derive any benefit from the purchase and yet rescind the contract. It must be nullified *in toto,* or not at all. *Lyon* v. *Bertram,* 20 How. 149, 155. *Skillings* v. *Collins,* 224 Mass. 275, 277.

Sometime in June, 1920, the plaintiff shipped and delivered to the defendant three bundles of letters "of good quality and reasonably fit for the purpose for which they were intended." These bundles contained two thousand letters second instalment, "Department Series" and one thousand first instalment "Mothers' Series." One Hammons, a salesman of the plaintiff, when informed about this time at the defendant's place of business that the second instalment could not be used, authorized the defendant to return the goods. The goods were returned in October. As regards the statement made by Hammons to the defendant that the goods might be returned, the judge found "that any statement made by Hammons to the defendant to the effect that the second shipment might be returned was made in the mistaken belief on Hammons' part, induced by the defendant, without the fault of Hammons or the plaintiff, that said second shipment had been examined by the defendant and found as bad as the first; . . . that said statement did not operate as a waiver of the plaintiff's rights, and . . . that the defendant did not in fact return said second shipment within a reasonable time after such statement was made." The judge further found "that when the plaintiff received the defendant's letter of the 18th repudiating the contract, and notifying the seller to proceed no further therewith, labor and expense of material amount were still necessary on the part of the seller to fulfil its obligations under the contract."

Because of the acceptance and use of the goods delivered under the first instalment, as also because of the absence of a plea in recoupment, the judge rightly found for the plaintiff in the full value under the contract of the goods so delivered and accepted, with interest from the date of demand to the date of the writ; leaving to the defendant the right to recover damages for the breach of warranty, in an independent action, if it should be so advised. He was also clearly right in ruling and finding as to the remainder of the deliveries under the contract that the plaintiff was entitled to recover only such damages as it would have suf-

fered if it had done nothing toward carrying out the contract after May 19, taking into consideration the profit which would have been made if the contract had been fully performed. St. 1908, c. 237, § 64, cl. 4.

The requests of the defendant, other than those dealt with in the opinion, were rightly refused as not applicable to the facts found.                                    *Exceptions overruled.*