# C. & S. SHOE MANUFACTURING CO. *vs.* DENNETT & GODDARD, INC.

Suffolk.   October 10, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, Performance and breach. *Sale. Practice, Civil,* Charge to jury, Ordering verdict, Exceptions. *Damages,* In contract.

At the trial of an action for breach of an agreement by the defendant to deliver leather sold to the plaintiff, it appeared that a memorandum of the agreement did not state who was to make deliveries or when payments were to be made, and there was evidence warranting a finding that it was the defendant's duty to make deliveries of the leather to the plaintiff.   The defendant moved that a verdict be ordered in his favor because the plaintiff had not called for the leather at the defendant's place of business.   *Held,* that the question, whether the defendant should make deliveries, was for the jury, and a verdict could not properly have been ordered.

At the trial above described, the judge charged the jury fully as to the law bearing on the question, stated by him in substance to be the controlling issue, what was the agreement of the parties as to the time when payments were due from the plaintiff, and as to the measure of damages.   The defendant saved no exception to any part of the charge.   *Held,* that the defendant was not entitled to contend in this court that the judge erred in thus presenting the controlling issue and rule of damages in the case.

In the action above described, the measure of damages for breach of contract by the defendant was the difference between the contract price of the leather and the market value at the time of breach, even if the plaintiff made no purchase of leather then or thereafter.

CONTRACT for breach of a contract in writing described in the opinion.   Writ dated October 27, 1927.

In the Superior Court, the action was tried before *Gray*, J. Material evidence is stated in the opinion.   At the close of the evidence, the defendant moved that a verdict be ordered in its favor.   The motion was denied.   There was a verdict for the plaintiff in the sum of $1,600.   The defendant alleged exceptions.

In this court the defendant contended that the plaintiff was not entitled to recover, first, "on its own default in -

not calling for the goods as agreed," and, second, "because of the failure of the plaintiff to attempt to procure goods in the open market immediately after the breach, the plaintiff is not entitled to recover except nominal damages, if it shall appear that the defendant is in default."

*W. Hirsh*, for the defendant.

*J. W. Sullivan & J. F. Doyle*, for the plaintiff.

SANDERSON, J. In this action the plaintiff seeks to recover damages for breach of contract for the sale by the defendant to it of a specified quantity of leather. It appears from the judge's charge that a memorandum of sale of the leather was made which called for its shipment in equal monthly instalments in June, July and August, 1927. The declaration alleges that the defendant has failed and refused to deliver a portion of the leather, to the plaintiff's damage. The answer of the defendant is a general denial, that the plaintiff was in default by failing to pay for part of the goods delivered to it, and that therefore the defendant was relieved from further delivery.

The memorandum of sale did not state who was to make deliveries or when payments were to be made. There was evidence that no other leather was in the market like that ordered and that no other leather was ever made like it. Evidence was introduced from which the jury could have found that it was the defendant's duty to make deliveries of the leather to the plaintiff. The defendant, therefore, was not entitled to a directed verdict on the theory that the plaintiff was in default because of its failure to call for the leather at the defendant's place of business.

There was evidence that part of the first instalment of the leather was received in June and the rest in July. Upon conflicting evidence the jury could have found that the parties agreed that payment for this instalment of leather was not due until August 15, 1927. They also could have found on the evidence that the plaintiff was not in default when in July, 1927, the defendant sold the leather, and that the defendant by that sale became liable to the plaintiff for a breach of contract.

In the charge the judge said: "So this very narrow

issue of fact is to determine your verdict in the case which the shoe company has brought: When was this leather to be paid for? If it was the fifteenth of July, it is admitted they failed to pay for it then, and their failure was a default on their part in the proper performance of the contract, which would prevent their recovery in this case and would require you to find for the leather company. If it was not until the fifteenth of August, as the shoe company claims, then there was no default at the time that demand was made for payment in July, because it would not be due until August. In that event there was no default in performance on the part of the shoe company. If that be your finding of fact, then the shoe company has made out a case. You decide that one question of fact, and then you will have the decision of whether you will find for the shoe company or the leather company in this . . . case." The judge also instructed the jury, in substance, that the measure of damages was the difference between the contract price and the market value of the same kind of leather on the date of breach, and that if· there was no leather of the same kind in the market the plaintiff would be justified in using its best judgment in acquiring a leather suitable to its needs in place of the leather purchased. The defendant, not having excepted to any part of the charge and not having directed the judge's attention to any misstatement therein, cannot now contend that the judge erred in thus presenting the controlling issue and rule of damages in the case. *McLellan* v. *Fuller,* 220 Mass. 494, 500. *Barringer* v. *Northridge,* 266 Mass. 315, 320.

For breach of contract by the defendant the plaintiff was entitled to recover the difference between the contract price and the market value at the time of breach even if he made no purchase of leather then or thereafter. Evidence was introduced of the market value of. the leather at the time of breach. *Tufts* v. *Bennett,* 163 Mass. 398. *Moffat* v. *Davis,* 200 Mass. 452, 458. *Barrie* v. *Quinby,* 206 Mass. 259, 268. *Cumberland Glass Manuf. Co.* v. *Wheaton,* 208 Mass. 425, 434. There is nothing in *Hall* v. *Paine,* 224 Mass. 62, which conflicts with the law as applied

in the case at bar. No exception was saved by which the question whether the verdict was excessive could properly be raised, and we discover no error of law in respect to that matter.

*Exceptions overruled.*