JOHN E. BECK *vs.* WARREN INSTITUTION FOR SAVINGS.

Suffolk. October 8, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Broker*, Commission. *Proximate Cause. Practice, Civil*, Requests, rulings and instructions, Correction of error.

Evidence warranted a finding that a certain broker, whom the owner of real estate had employed to obtain a purchaser without naming a selling price, was the efficient cause of a sale, consummated through another broker for a price higher than any offered through the first broker and to one known to the owner to be a straw for a customer procured by the first broker.

After a finding by a judge for the plaintiff inconsistent with his giving of a requested ruling that the evidence did not warrant a finding of a fact essential to recovery, there was no error in the allowance, without a changing of the finding, of a motion by the plaintiff for correction of the inconsistency, and in the denial of a motion by the defendant for a new trial.

CONTRACT. Writ in the Superior Court dated October 8, 1938.

The action was heard by *Brown*, J., who found for the plaintiff. In the circumstances described in the opinion, the defendant moved for a new trial because of the inconsistency between the allowance of the defendant's eighth request for a ruling and the finding for the plaintiff; and the plaintiff moved for a correction of the record. The plaintiff's motion was allowed and the defendant's was denied.

*J. G. Kelly,* (*J. P. Vaccaro* with him,) for the defendant.

*J. C. Johnston,* (*J. Friedberg* with him,) for the plaintiff.

LUMMUS, J. In this action to recover a commission, brought by a real estate broker, there was evidence tending to show the following facts. The plaintiff was employed as a broker to obtain a customer for real estate owned by the defendant, but the defendant stated no selling price. The plaintiff procured an offer of $15,000 from one Sorota, but the defendant refused it. Successive offers of $15,500, $16,000 and $16,500 were likewise refused. Later Sorota made an offer of $17,000 through another broker, and the premises were conveyed by the defendant to a straw for Sorota named Levine. The defendant knew that Sorota was the real buyer. The defendant paid the other broker a commission. The judge, sitting without a jury, found for the plaintiff. The case comes here on report.

Upon the evidence the question whether the plaintiff or the other broker was the efficient cause of the sale was a question of fact. As was said in *Cadigan* v. *Crabtree,* 192 Mass. 233, 240, "The question of efficient cause is ordinarily at least a question of fact for the jury where no exclusive agency has been given and where two brokers have worked on the case." This disposes of the defendant's exception to the granting of the plaintiff's first request. The plaintiff's fifth request dealt with an indecisive point. His other requests were conditioned upon a finding that the plaintiff was the efficient cause of the sale, and were in accordance with the law.

The requests presented by the defendant were all granted, with one exception, and the defendant did not except to the refusal of that one. The defendant's eighth request was as

follows: "Upon all the evidence the court is unwarranted in finding that the plaintiff's efforts were the efficient cause of the sale." This request was granted. Nevertheless the judge found for the plaintiff, and the defendant excepted to "the finding of the court as inconsistent with" the action of the judge upon that request. This inconsistency was made the subject of a motion for a new trial, upon which the judge, without changing his general finding for the plaintiff, corrected his action upon the defendant's eighth request by denying it. He thus cured the preëxisting inconsistency. In this there was no error.

This disposes of all the questions of law raised by the report. Judgment is to be entered for the plaintiff upon the finding.

*So ordered.*