JACOB LANDER *vs.* SAMUEL HELLER LEATHER CO. INC.

Suffolk.    April 7, 1943. — October 4, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Sale,* Warranty, Delivery, By instalments, Buyer's rights. *Contract,* Performance and breach. *Practice, Civil,* New trial, Findings by judge.

A buyer under a contract for sale of goods to be delivered and paid for by instalments, by refusing, after delivery of an instalment, to pay therefor at the time named in the contract for payment because of an alleged breach of warranty as to that instalment and, having kept the goods, by asserting and establishing such breach and his right to damages therefor in recoupment in a subsequent action by the seller for the purchase price of that instalment, could not properly be found to have committed a breach of the contract so material as to preclude him from

maintaining an action against the seller for damages resulting from the seller's refusing to make the further deliveries called for by the contract.

A new trial of an action should have been granted in order to correct an erroneous finding by a judge which became apparent through findings made by him in a second action heard with the first.

The entire § 58 of G. L. (Ter. Ed.) c. 106 is confined to establishing the rights of a buyer created by a breach of warranty by the seller.

A buyer under a contract of sale of goods to be delivered and paid for by instalments, after having, in an action by the seller for the purchase price of an instalment, recouped damages under G. L. (Ter. Ed.) c. 106, § 58 (1) (a), for breach of warranty as to that instalment, was not precluded by § 58 (2) from maintaining an action against the seller for an independent breach of the contract of sale by the seller through refusing to deliver remaining instalments called for by the contract.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated August 21, 1941.

The action was heard by *Keniston*, J., who found for the defendant and denied a motion by the plaintiff for a new trial.

The plaintiff's tenth request for a ruling at the hearing of the motion was as follows: "The finding in the companion case wherein the court decided that the plaintiff was entitled to recoupment under" § 58 (1) (a) of G. L. (Ter. Ed.) c. 106, "requires the conclusion that the plaintiff was legally justified in not paying for the deliveries of June 5 and June 12, 1941." This request was denied.

A report was ordered dismissed by the Appellate Division, and the plaintiff appealed.

*F. T. Leahy*, for the plaintiff.

*W. P. Murray*, (*R. P. Boruchoff* with him,) for the defendant.

RONAN, J.   The plaintiff, hereinafter called the buyer, on March 5, 1941, entered into a contract with the defendant, hereinafter called the seller, for the purchase and sale of sixty thousand pounds of leather shoulders, to be delivered in instalments and to be paid for at the rate of thirty cents a pound on the fifteenth of each month for all goods delivered in the preceding month. The leather was to conform to a certain sample and to correspond to the description under which it was sold. It was, as both parties knew,

to be used in the manufacture of innersoles of shoes for the army. A similar contract for sixty thousand additional pounds of leather was made on April 9, 1941, except that the price of this lot was thirty-three cents a pound. After deliveries of the leather had begun, the parties averaged the price for the balance of the leather remaining to be delivered at thirty-one and eight tenths cents a pound. Thereafter both contracts were apparently dealt with as a single contract, not only while performance continued thereunder but also in the trial of the case in the Municipal Court. We consider the action on this basis and shall refer to both contracts as a single contract.

The seller made various deliveries under the contract but it made only two in June, 1941 — one on June 5, 1941, of four thousand one hundred fifty-three pounds and the other on June 12, 1941, of four thousand three hundred ninety pounds. The buyer complained of the poor quality of these two shipments and the seller requested payment. No more leather was delivered by the seller and no more payments were made by the buyer. The buyer wrote the seller on July 24, 1941, that these shipments were of inferior quality and that he would hold the leather "for replacement"; and demanded that the seller ship the balance of the leather, amounting to eighty thousand pounds, within three days. The seller replied on the next day, declining to recognize any claim for breach of warranty in reference to the June deliveries, requesting payment, and notifying the buyer that it would send no more leather.

The buyer brought this action for damages on account of the poor quality of the leather shipped in June and for the nondelivery of the balance of the leather. The seller brought a cross action to recover the contract price of the June shipments, and, in his answer, the buyer set up a claim in recoupment on account of the inferior quality of the leather included in these shipments. The actions were tried together. In the action by the seller, the judge allowed the buyer $580.92 for breach of warranty and found for the seller for $2,135.75 with interest. Judgment in accordance with this finding has been entered. In the action by the buyer,

the judge found for the seller, and the buyer has appealed from an order of the Appellate Division dismissing the report.

It is now settled by the judgment in the seller's action that the leather shipped in June did not conform to the contract; that the inferior quality reduced its value about twenty per cent of the contract price; that the buyer, notwithstanding his somewhat equivocal conduct, had accepted the leather and that he has been compensated by the deduction made from the contract price for all loss sustained by reason of the inferior quality of the leather delivered in June. This narrows the controversy to a claim by the buyer for damages on account of the nondelivery of the balance of the leather covered by the contract.

The buyer could reject the June shipments even though he had accepted previous shipments under the contract, *Orr Felt & Blanket Co.* v. *Sherwin Wool Co.* 248 Mass. 553; *Agoos Kid Co. Inc.* v. *Blumenthal Import Corp.* 282 Mass. 1, or he could accept them, even though they did not conform to the quality required by the contract, and become liable to pay for them. *Bouton* v. *Reed,* 13 Gray, 530. *Boston Blower Co.* v. *Brown,* 149 Mass. 421. *Wiley* v. *Athol,* 150 Mass. 426. *Babcock Coal Co.* v. *Boston,* 303 Mass. 518. The parties did not agree upon the amount owed by the buyer and this sum was not determined until it was fixed by the judgment entered in the seller's case. The buyer was then found to have owed a substantial amount. There is no evidence or contention that the buyer ever offered to pay anything for the goods. The question is, whether the failure of the buyer to pay on July 15, 1941, the time fixed by the contract for payment of goods delivered in the preceding month, was a breach of the contract so material as to justify the seller "in refusing to proceed further." G. L. (Ter. Ed.) c. 106, § 34 (2).

Payment for successive shipments at the times fixed in a divisible contract for the sale of goods to be delivered in instalments is ordinarily an important and substantial requirement of the contract, and whether the failure to pay in accordance therewith constitutes a breach of such character and extent as to entitle the seller to consider the en-

tire contract as broken and to refuse to be further bound by it is usually a question of fact. *Stephenson* v. *Cady*, 117 Mass. 6. *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 181 Mass. 275. *Eastern Forge Co.* v. *P. & F. Corbin*, 182 Mass. 590. *Dudley* v. *Wye*, 230 Mass. 350. *Samuels* v. *W. H. Miner Chocolate Co.* 235 Mass. 312. *Glines* v. *Berry Box & Package Co. Inc.* 248 Mass. 518. *Bradley Lumber & Manuf. Co.* v. *Cutler*, 253 Mass. 37. It appears from the record that the general finding for the defendant seller rests on a finding impliedly made by the judge that the failure to pay was a material breach of the contract. *Adams* v. *Dick*, 226 Mass. 46. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86. This general finding cannot stand if the buyer had the right, on account of the seller's breach of warranty, to withhold payment until the amount of his indebtedness for the June shipments was ascertained by a judgment. *Lanesborough* v. *Ludlow*, 250 Mass. 99, 103. *Beacon Manuf. Co.* v. *Barnard Manuf. Co.* 261 Mass. 397. *Atlantic Finance Corp.* v. *Galvam*, 311 Mass. 49.

Under our common law and under the sales act, G. L. (Ter. Ed.) c. 106, § 58 (1) (a) (b), a buyer may accept goods inferior in quality to that described in the contract and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price, or he may bring an action against the seller to recover damages for the breach. *Dorr* v. *Fisher*, 1 Cush. 271. *Gilmore* v. *Williams*, 162 Mass. 351. *Cox* v. *Wiley*, 183 Mass. 410. *Borden* v. *Fine*, 212 Mass. 425. *Learned* v. *Hamburger*, 245 Mass. 461. The remedy given by G. L. (Ter. Ed.) c. 106, § 58, for breach of warranty has been held to apply to a buyer who has accepted an instalment delivery of goods that did not correspond to the contract. ''Where there is a breach of warranty, express or implied, of the quality of goods delivered in instalments the buyer may elect to accept and receive them as conforming to the contract, or he may receive them and set up the breach of warranty as a defence in whole or in part to the seller's claim for compensation; or he may return or offer to return the goods to the seller in substantially as good condition as they were at the time

they were transferred to the buyer; or he may accept or keep the goods and maintain an action against the seller for such breach." *John Service Inc.* v. *Goodnow–Pearson Co.* 242 Mass. 594, 597. It follows, we think, from this construction of the statute that the buyer had the right to take his damages out of the price of the goods, and since the extent of that right could not well be determined without litigation, his failure to pay any of the price could not in the present case be deemed such a breach as to bar him from insisting upon performance by the seller of its contract to deliver the rest of the goods. The actions were tried together and a finding of a breach of warranty in the seller's case necessarily established that fact in the buyer's action. *Mutual Life Ins. Co.* v. *Royal*, 291 Mass. 487, 491. The failure of the buyer to pay did not discharge the seller from further performance of the contract, and the error in finding for the defendant seller, having first appeared after the findings were made in both cases, could be corrected by a motion for a new trial. The buyer's tenth request submitted at the hearing upon the motion ought to have been granted. *DiLorenzo* v. *Atlantic National Bank*, 278 Mass. 321. *Railway Express Agency, Inc.* v. *Michelson*, 311 Mass. 704. *Beck* v. *Warren Institution for Savings*, 312 Mass. 315. *Charles Street Garage Co.* v. *Kaplan*, 312 Mass. 624.

The buyer has been granted only one remedy for the seller's breach of warranty. G. L. (Ter. Ed.) c. 106, § 58 (2). The judge having allowed his claim in recoupment properly found against him on that part of his claim in the buyer's action that sought to recover damages for the same breach of warranty. *Hebert* v. *Dewey*, 191 Mass. 403. *Mark* v. *Stuart-Howland Co.* 226 Mass. 35. *Poorvu* v. *Weisberg*, 286 Mass. 526. The buyer in his action besides seeking to recover damages for breach of warranty also sought to recover damages for the nondelivery of the balance of the goods by the seller. The seller contends that the buyer, having been allowed to recoup for breach of warranty, is barred by said § 58 (2) from recovering damages for failure of the seller to deliver the balance of the leather. The seller misconstrues the scope of § 58 (2). Section 58 (1) provides four remedies,

(a) (b) (c) (d), for breach of warranty, and § 58 (2) provides that when "the buyer has claimed and has been granted a remedy in any one of these ways, no other remedy shall thereafter be granted." The entire § 58 is confined to establishing the rights of a buyer created by a breach of warranty by the seller. The claim for nondelivery of the rest of the leather did not arise out of breach of warranty but was based upon a separate and independent breach by the seller. The buyer treated the breach of warranty as a severable breach which would give him a claim for compensation but would not discharge the seller from further performance of the contract. An injured party may refuse to consider a breach as a material one and elect to keep the contract alive. The contract then continues for the benefit of both parties, *Rubber Trading Co.* v. *Manhattan Rubber Manuf. Co.* 221 N. Y. 120; *Henderson Tire & Rubber Co.* v. *P. K. Wilson & Son, Inc.* 235 N. Y. 489; *DeForest Radio Telephone & Telegraph Co.* v. *Triangle Radio Supply Co. Inc.* 243 N. Y. 283, and a subsequent material breach by one would give the other the right to consider the entire contract as broken and to refuse to be further bound by it. *Stephenson* v. *Cady,* 117 Mass. 6. *National Contracting Co.* v. *Vulcanite Portland Cement Co.* 192 Mass. 247. *Ackerman* v. *Santa Rosa-Vallejo Tanning Co.* 257 Fed. 369. *Harber Brothers Co.* v. *Moffat Cycle Co.* 151 Ill. 84. *Raabe* v. *Squier,* 148 N. Y. 81. Williston, Contracts (Rev. ed.) § 867. Under the construction of G. L. (Ter. Ed.) c. 106, § 58, and its application to one accepting instalment deliveries as stated in *John Service Inc.* v. *Goodnow-Pearson Co.* 242 Mass. 594, the buyer was not required to pay for the June shipments in the following month, and his failure to do so did not justify the seller in refusing to make the further shipments of the leather. This breach by the seller would entitle the buyer to recover for nondelivery of the leather. *Bartlett* v. *Blanchard,* 13 Gray, 429. *Johnston* v. *Faxon,* 172 Mass. 466. *National Coal Tar Co.* v. *Malden & Melrose Gas Light Co.* 189 Mass. 234. *Antonacopoulos* v. *Arax Grocery Co. Inc.* 234 Mass. 125. *Clark* v. *Henshaw Motor Co.* 246 Mass. 386. *C. & S. Shoe Manuf. Co.* v. *Dennett & Goddard, Inc.* 269 Mass. 317.

The order of the Appellate Division dismissing the report is reversed, and the action is to stand for further hearing upon the motion for a new trial.

*So ordered.*