LOUIS J. LANGDOC *vs.* THE GEVAERT COMPANY OF AMERICA, INC.

Berkshire.   September 21, 1943. — November 29, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Practice, Civil*, Exceptions: what questions open; Findings by judge. *Real Property*, Lateral support.

In an action of tort, heard by a judge without a jury, to recover for damage to the plaintiff's land and a building thereon resulting from settlement of the land caused by the drilling of a well on the defendant's land, where the plaintiff made no requests for rulings and the judge made a general finding, "ordered judgment" for the defendant and made subsidiary findings which did not appear to be the only findings upon which the general finding was based, exceptions saved by the plaintiff to the "findings" and such order gave the plaintiff no standing to contend in this court that, on evidence set out in the bill and subsidiary findings that there was damage to the plaintiff's building, that there had been a settling and cracking of the plaintiff's land after the drilling of the well, but that there "was no evidence as to the amount in money of the damage to the land," an inconsistency was shown between certain subsidiary findings and the general find-

ing, or that the general finding was not warranted, or that a finding was not warranted that the defendant was not negligent.

Without proof of negligence, a landowner who drove a well on his own land and thereby caused settlement of adjoining land was not liable for damage to a building on the adjoining land resulting from such settlement.

TORT. Writ in the Superior Court dated February 21, 1941.

The case was heard without a jury by *Burns*, J., who found for the defendant.

The plaintiff's bill of exceptions, after a recital of findings by the judge of the facts described in the opinion and a ruling that the plaintiff could not recover for damage to structures on his land, stated: "to which findings of fact from all the evidence and rulings plaintiff duly excepted." The bill further stated that thereafter the judge "ordered judgment entered for the defendant," to which the plaintiff excepted; that the "questions presented are 1. Whether or not from all the evidence plaintiff was entitled to recover for his damage to his land, to his buildings or to either or both. 2. Whether or not from all the evidence and its findings of fact the court was in error in ordering judgment for the defendant"; that the evidence set out in the bill was all the material evidence; and that, the "plaintiff being aggrieved by the court's finding of fact and rulings and the order herein referred to duly saved his exceptions." The bill did not show that any requests for rulings were made.

*H. L. Harrington*, for the plaintiff.

*P. Stoelzel*, for the defendant.

RONAN, J. This is an action of tort to recover for damage to the plaintiff's land and dwelling house by reason of the settlement of the land, alleged to have been caused by the drilling of a well on the defendant's premises which were adjacent to and at a lower grade than the plaintiff's realty. The judge found that the plaintiff owned the premises in question; that an independent contractor, in 1939, drilled a well about two hundred ten feet deep upon the defendant's premises at a distance of more than fifty feet from the plaintiff's premises; that shortly after the drilling of this well the

land of the plaintiff began to settle and crack, and his house was damaged in various particulars, enumerated by the judge; and that the plaintiff's property was not injured by the drilling of another well in 1938. The judge ruled that the plaintiff could not recover for damage to his house or other structures upon his land and found that the defendant and the independent contractor were not negligent. "There was no evidence as to the amount in money of the damage to the land." The judge found for the defendant. The plaintiff excepted to the findings and rulings of the court.

The correctness of a general finding made upon oral evidence by a judge hearing a case without a jury cannot be brought before this court for determination by an exception taken after the trial has ended, and this is true although the finding contains an implied ruling that it was warranted on the evidence. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555. *Carney* v. *Cold Spring Brewing Co.* 304 Mass. 392. *Lakeville* v. *Cambridge,* 307 Mass. 433. *Sreda* v. *Kessel,* 310 Mass. 588. There must be a separation of facts from the law in order to determine if the general finding was permissible in accordance with law upon the facts found. This can usually be accomplished by requests for rulings, as the action thereon will show the principles of law that the judge adopted in deciding the case. The parties, however, may stipulate as to all the facts, as where the case is submitted upon a statement of agreed facts, and all that remains is for the judge to apply the correct principles of law and decide the case. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167. Sometimes, a judge files a statement containing all the subsidiary findings he has made which furnish the basis for the ordering of judgment. *Gaw* v. *Hew Construction Co.* 300 Mass. 250. In such instances, an exception to a general finding presents the question whether, as matter of law, upon the facts found the general finding was permissible.

In the present case the judge filed a statement setting forth some findings of fact, but there is nothing contained in the statement itself or in the record to indicate that the judge did not have other and additional findings in mind

or that the statement filed contained all the findings upon which he based his general finding. An exception to a general finding where the judge has expressly made subsidiary findings will not raise the question whether the general finding was permissible upon the subsidiary findings unless it appears that the general finding purports to rest entirely upon the subsidiary findings expressly made. *Federal National Bank* v. *O'Connell*, 305 Mass. 559. Otherwise, the case falls within the general rule that an exception to a general finding does not raise the question whether it is warranted upon all the evidence. *Baker* v. *Davis*, 299 Mass. 345. *Looby* v. *Looby*, 303 Mass. 391. We think the case at bar comes within the general rule, and the plaintiff cannot by an exception taken after the trial challenge the sufficiency of the evidence to support the finding that the defendant was not negligent.

The ruling that the plaintiff could not recover for damage to his house and structures in the absence of negligence of the defendant was correct and free from error. *Thurston* v. *Hancock*, 12 Mass. 220. *Foley* v. *Wyeth*, 2 Allen, 131. *Gilmore* v. *Driscoll*, 122 Mass. 199. *Kronberg* v. *Bulle*, 247 Mass. 325. *Gray* v. *Tobin*, 259 Mass. 113. *Triulzi* v. *Costa*, 296 Mass. 24. *Corcoran* v. *S. S. Kresge Co.* 313 Mass. 299.

The judge found that the evidence was insufficient to enable him to assess damages for the injury to the land caused by the drilling of the well on the defendant's land. The plaintiff contends that, it having been found that the injury to his land resulted from the drilling of the well, he was as matter of law entitled to damages. The plaintiff had the right of lateral support for his land, and if he wished to raise the question that he was entitled to damages for any invasion of this right, even though the defendant was not acting negligently — see *Foley* v. *Wyeth*, 2 Allen, 131; *Gilmore* v. *Driscoll*, 122 Mass. 199; *Triulzi* v. *Costa*, 296 Mass. 24; *Gorton* v. *Schofield*, 311 Mass. 352 — he should have done so by making a request for a ruling to that end during the trial, and by an exception to the denial of such a request he could have brought the question to this court. Such a question, however, cannot be saved by an exception

first taken after the general finding or decision has been made. *Reid* v. *Doherty,* 273 Mass. 388. *Armburg* v. *Boston & Maine Railroad,* 276 Mass. 418, 428. *Commissioner of Banks* v. *T. C. Lee & Co. Inc.* 291 Mass. 191, 196. *Carney* v. *Cold Spring Brewing Co.* 304 Mass. 392, 396. *Sreda* v. *Kessel,* 310 Mass. 588, 589.

The plaintiff contends that the general finding for the defendant is inconsistent with the special finding of damage to the plaintiff's land. Whether there was any incompatibility between these two findings is not presented by the plaintiff's exceptions. The proper method to secure a decision on that point was a motion for a correction of the general finding or a motion for a new trial. He could have saved his rights to any adverse rulings made at the hearing of such a motion. The plaintiff, however, did not pursue either remedy and so failed to bring to this court the question that he has argued. *Duralith Corp.* v. *Leonard,* 274 Mass. 397, 401. *DiLorenzo* v. *Atlantic National Bank,* 278 Mass. 321, 323–324. *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150, 154. *Memishian* v. *Phipps,* 311 Mass. 521, 525. *Railway Express Agency, Inc.* v. *Michelson,* 311 Mass. 704. *Beck* v. *Warren Institution for Savings,* 312 Mass. 315. *Charles Street Garage Co.* v. *Kaplan,* 312 Mass. 624. *Lander* v. *Samuel Heller Leather Co. Inc.* 314 Mass. 592. See *Lufkin* v. *Hitchcock,* 194 Mass. 231; *Reilly* v. *Boston Elevated Railway,* 206 Mass. 53.

*Exceptions overruled.*