*Third District Court of Eastern Middlesex*

No. 1867 of 1955

*Northern District*

No. 4956

**MARY MASON**

v.

**CITY OF BOSTON**

(June 20, 1956)

*Eno, J.* This is an action of tort to recover for personal injuries alleged to have been sustained when an automobile, operated by the plaintiff's husband and in which she was riding, went into a hole in a street in Boston, on December 10, 1954, at about 10:00 a.m.

*There was evidence* that the plaintiff was sitting on the front seat of an automobile when it stopped in back of a taxicab. The taxicab proceeded on its way and the automobile in which the plaintiff was riding, while operated by her husband, followed it.

Then "the street went right out under them." The hole was "rectangle and the bottom was gravel." Plaintiff saw "no blacktop" and did not observe the hole prior to the accident. It was near a hydrant.

Weather reports for the period from the sixth to the tenth of December, 1954, were introduced by the defendant, showing the precipitation of rain on those days.

The husband testified he "did not see any signs or warnings, cautioning him about the hole," and that "he observed dirt in the hole while his right wheel was stuck in the hole" but "did not see the hole at any time before the accident."

A witness testified that he "first noticed that the

area in question was indented on or about December 1, 1954," that "this area became gradually worse each day" and on the tenth he "noticed a hole approximately four feet long, three feet wide, and three feet deep;" that that street is "a heavily travelled public way" with many people residing in that section.

He further stated that he did not observe snow in the area during that ten day period, nor did he observe people working there before December 10.

Another witness testified that about 8:45 a.m. on December 10, 1954, his automobile "just barely missed going in the hole", that he had never observed the hole before that day.

The head clerk of the Water Division of the Public Works Department of the defendant City called by the plaintiff, testified that "on December 6, 1954, a work crew was assigned to locate a water leak" in that vicinity; that when located and repaired, the "crew filled the hole" and covered it with blacktop on December 7, 1954.

Another employee for the City testified that he was the foreman of the crew which "filled back the trench in the street with the dirt removed" on December 7, 1954, "using a packer to pack down the earth at regular intervals." Then "a 1½ ton truck was run back and forth over the filling. This was tapped down and the truck was used to pack down the cold patch, and that a final layer of cold patch was put on and the truck run over the area." He further stated that "there was no depression or hole, when they left" and "the street and sidewalk were in good condition at 5:00 p.m. on December 7, 1954," but did not know the condition of the street after that date.

The plaintiff duly filed the following requests for rulings which were disposed of by the trial Judge as follows:

2. There is evidence to warrant a finding that the defendant City was negligent. *Granted.*

3. The act of the employee in negligently filling or covering the excavation or in negligently allowing a hole to exist in a public way, must be deemed to be the City's own act, so that no further notice of the existence need be proved. *Granted, but not applicable as on the facts found by the Court the defendants' employee or employers were not negligent in filling in the excavation nor in allowing a hole to exist.*

6. As a matter of Law, the plaintiff should be allowed to recover for her injuries because the defendant City knew, or in the exercise of due care and diligence might have known, of the defect complained of and taken steps to remedy it and/or warn the plaintiff of it. *Denied because the Court finds as a fact that the defendant did not know of the defect and further that the fact that the defendant did not know of it and did not take steps to remedy it or warn the plaintiff was not due to the lack of due care or negligence of its employees or employer.*

7. There is sufficient evidence to warrant a finding for the plaintiff. *Granted.*

The Court *Viola, J.* found for the defendant.

The plaintiff claims to be aggrieved by the denial of requests numbered 3 and 6, and by allowing those numbered 2 and 7, and "still finding for the defendant."

There was no prejudicial error by the trial Judge in allowing requests numbered 2, 3, and 7 and yet finding for the adverse party. By allowing these requests, he correctly instructed himself on the law, but it was permissible for him to find for the other party on the facts. *Korb v. Albany Carpet Cleaning Co.,* 301 Mass. 317, 318; *Marquis v. Messier,* 303 Mass. 553, 556.

Any inconsistency between the rulings and finding should have been raised by a motion for new

trial, and is not now open upon the report. *Duralich Corp. v. Leonard,* 274 Mass. 397, 401; *Beck v. Warren Institution for Savings,* 312 Mass. 315, 317; *Langdoc v. Gevaert Co. of America, Inc.,* 315 Mass. 8, 12.

The denial of the sixth request also shows no prejudicial error. The plaintiff having the burden of proof, it could not be ruled as a "matter of law," that she had sustained her burden. *Winchester v. Missin,* 278 Mass. 427, 428; *Castano v. Leone,* 278 Mass. 429, 432; *Hoffman v. Chelsea,* 315 Mass. 54.

Furthermore, that request assumes facts contrary to those found by the trial Judge and became immaterial in view of his findings of facts. *Mahoney v. Norcross,* 284 Mass. 153, 154; *Gibbons v. Denoncourt,* 297 Mass. 448, 450; *Cameron v. Buckley,* 299 Mass. 432, 434.

There being no prejudicial error in the disposition of the plaintiff's requests for rulings, the report is to be dismissed.

George Goldstein, for the plaintiff.

William Baylor, for the defendant.