Martin D. Woolf, for the plaintiff.

Benjamin Nesson, for the defendant.

*Northern District*

No. 5029

## ARCHIE BARLOFSKY, TRUSTEE

v.

## AGOSTINO J. MERENDA, ADMINISTRATOR
### of the Estate of Joseph A. Merenda

(February 15, 1957)

*Eno, J.* This is an action of contract with a declaration containing two counts. The first alleges

a trust in the amount of $2,713.88; the second for money had and received amounting to $2,713.88. The answer is a general denial with a plea of payment.

The reported facts are contained in the trial judge's "Findings of Facts, Rulings of Law and Order for Judgment," in part as follows:

"1. On December 6, 1954, Rocco DePasquale, representing the White Rock Club, Inc., completed the arrangements to sell the club to Vincent J. Yakavonis and Harvey Bailey, by executing and delivering an escrow agreement, whereby Joseph A. Merenda, an attorney-at-law, accepted in Escrow $4,000, received from the buyers, Yakavonis and Bailey, and was to use the money to accomplish certain objectives detailed in the agreement.

"2. Mr. Merenda deposited the $4,000 in his personal bank account, where his other money was on deposit. He made payments out of the $4,000 in accord with the agreement. On January 24, 1955, Mr. Merenda died. He had not accomplished all the conditions set forth in the agreement. Allowing credit for payments he had made, pursuant to the agreement, there was left in his personal funds in the bank $2,713.88, which was the remainder of money he had received by virtue of the agreement.

"3. On January 5, 1956, the plaintiff, an attorney-at-law, was appointed by the Probate Court for the County of Middlesex, "Trustee in the place of Joseph A. Merenda, trustee, deceased, under a certain instrument in writing dated December 6, 1954, wherein Harvey Bailey and Vincent J. Yakavonis gave certain estate to Joseph A. Merenda in trust for the benefit of White Rock Club, Inc."

"This appointment remained in full force on March 15, 1956.

"4. Agostino J. Merenda, the defendant, was

appointed February 8, 1955, Administrator of the Estate of Joseph A. Merenda, deceased, and gave his performance bond on February 11, 1955.

"This appointment remained in full force on March 15, 1956.

"5. Demand was made by the plaintiff on the defendant for the payment of the $2,713.88, the remainder of the escrow deposit but the defendant refused to deliver or pay the money.

"6. After close of the plaintiff's evidence, the defendant rested.

"7. I infer and find as a fact that there is now $2,713.88 in the custody of the defendant as administrator of Joseph A. Merenda and said sum is the remainder of the money originally held for the benefit of the seller, the White Rock Club, Inc., by Joseph A. Merenda.

"8. I infer and find as a fact that the objects set forth in the instrument dated December 6, 1954, have not yet been fully accomplished.

"9. I infer and find as a fact that the agreement dated December 6, 1954, is the instrument described in the decree of the Probate Court, Middlesex County.

*Rulings of Law*:

"1. The defendant's requests for rulings of law, Nos. 1, 2, 3, 5, 7, 8 and part (b) of 9 are given.

"2. I give part (a) of defendant's requests for rulings of law, No. 9, so far as it is referable to Count 2 of the plaintiff's declaration.

"3. I refuse defendant's requests No. 4 and 6, as I rule that Joseph Merenda held the $4,000 received from Messrs. Bailey and Yakavonis that he mingled with his personal funds on deposit in a bank, as impressed with a trust.

"4. The plaintiff's requests for rulings of law, Nos. 1, 2, and 6 are given.

"5. I refuse plaintiff's requests No. 3, as it is a request for a finding of fact.

"6. I refuse requests Nos. 4 and 5 of the plaintiff, as inapplicable to the facts found.

"7. I instruct myself that the defense, that the plaintiff as trustee is not a proper party is not open to the defendant, as by not pleading such defense specially, he admits the plaintiff to be a proper party. G. L. c. 231, §30, as amended by St. 1949, c. 179.

"8. I instruct myself that the decree of the Middlesex County Probate Court, appointing the plaintiff

'as trustee under the instrument in writing dated December 6, 1954, wherein Harvey Bailey and Vincent J. Yakavonis gave a certain estate to Joseph Merenda in trust for the benefit of White Rock Club, Inc.'

is binding on me and I have no jurisdiction to overrule or disregard it.

"9. I instruct myself that Joseph Merenda, depositary, until the conditions set forth in the agreement have been fulfilled, was trustee for both parties, and that had he performed the conditions, he would have held the deposit as agent for the parties then entitled thereto. 30 CJS 1203, §8 and cases cited.

"10. I instruct myself that the relationship between Joseph Merenda and the money was that of trust and he held it subject to that trust;— to fulfill the conditions of the agreement.

*Order for Judgment*:

"1. Judgment for the plaintiff in Count No. 1 for the sum of $2,713.88.

"2. Judgment for defendant on Count 2."

The trial judge denied the following requests of defendant for the reasons hereinafter mentioned:

"4. There is no evidence that the deceased, Joseph A. Merenda, ever became trustee under a written declaration of trust.

"6. There is no evidence that would warrant the court in finding that the deceased, Joseph A. Merenda, held funds as trustee."

██ The defendant claims to be "aggrieved by the court's finding and rulings on the defendant's requests for rulings," but fails to set forth "in clear and concise terms the rulings" upon which he asks a re-hearing by this Appellate Division as required by Rule 28 of the Rules of the District Courts, (1952). See *Perry v. Hanover*, 314 Mass. 167, 168.

However, as was done in the above cited case, "notwithstanding this deviation from the correct form of a report, we treat the report as a report of these matters so far as they are properly the subjects of a report."

██ First, the defendant in his brief claims some inconsistency by the judge in allowing some of his requests and finding against him.

The proper method to raise that question is either by a motion to correct the inconsistencies or a motion for a new trial. *Duralith Corp. v. Leonard*, 274 Mass. 397, 401; *DiLorenzo v. Atlantic National Bank of Boston*, 278 Mass. 321, 323-324; *Caton v. Winslow Bros. & Smith Co.*, 309 Mass. 150, 154; *Railway Express Agency, Inc., v. Michelson*, 311 Mass. 704, 708; *Beck v. Warren Inst. for Savings*, 312 Mass. 315, 317; *Charles Street Garage Co. v. Kaplan*, 312 Mass. 624, 625, 626; *Lander v. Samuel Heller Leather Co., Inc.*, 314 Mass. 592, 593, 597; *Langdoc v. Gevaert Co. of America*, 315 Mass. 8, 12; *Godfrey v. Caswell*, 321 Mass. 161; *Biggs v. Densmore*, 323 Mass. 106. This question of inconsistency therefore cannot be raised by this report and is not now reviewable.

██ The denied requests 4 and 6 raised the questions whether or not the late Joseph A. Merenda "ever became a trustee under a written declaration of trust" and "held funds as Trustee."

Both of these questions were answered in the affirmative by the trial judge, who found that the

sum of $4,000.00 received by the defendant's intestate was "impressed with a trust."

A "trust" is "a fiduciary relationship with respect to property, subjecting the person by whom the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." *Scott on Trusts*, 2, 3; *Restatement of Trusts*, 2.

In his argument, defendant's counsel admitted that the remaining balance in the possession of the defendant's intestate at the time of his death was not the property of the deceased or of his estate, but claimed that this action at law was not the proper method to raise that question and that the deceased was an "escrowee" rather than a "trustee."

Assuming that the deceased received the fund under an oral agreement as to what he would do with it, could it then be successfully argued that he did not receive the money under some kind of a trust? Is it different when he receives it under a "written agreement"?

It is well settled that a deposit of money in escrow by the owner creates a trust at the time of the delivery in escrow. *Restatement of Trusts*, 26 (1).

And as stated in 19 American Jurisprudence 430, "strictly the (escrow) depository is . . . the trustee of an express trust with duties to perform for each of the parties, which duties neither can forbid without the consent of the other." *Nickell v. Reser*, 143 Kans. 831.

Whether a trust is created depends primarily upon the manifestation by the parties of an intention to create a trust, which is ordinarily a question of fact. *Russell v. Meyers*, 316 Mass. 669. A trust in personalty may even be created by parol, *Peck v. Shafield*, 186 Mass. 108; *Stuck v. Schumm*, 290 Mass. 159; *Greeley v. Flynn*, 310 Mass. 23; *Russell v. Meyers*, 316 Mass. 669; *Cohen v. Newton Savings Bank*, 320

Mass. 90; *Rugo v. Rugo,* 325 Mass. 612; and the lack of a written instrument does not preclude proof of an express trust in personal property. *Druker v. Druker,* 268 Mass. 334, and it may be orally declared, and no particular form of words is necessary. *Barley v. Wood,* 211 Mass. 37; *Harrington v. Donlin,* 312 Mass. 577; *Herman v. Eddington,* 331 Mass. 310. In *Chase v. Perley,* 148 Mass. 289, the evidence being that money was given to a person, with oral directions to make certain payments out of it and to divide the remainder between himself and others, it was held sufficient to create an express trust and that the plaintiff could maintain an action at common law, and that he was not obliged to seek relief in equity. The existence of a trust does not depend upon the terminology used. *Rugo v. Rugo,* 325 Mass. 612, 616, and cases cited; *Herman v. Edington,* 331 Mass. 310. In *Kagan, Trustee, v. Levenson,* 334 Mass. 100, the only case cited by the defendant, the precise question here involved was not in issue, although there is dictum that defendant in that case was a stakeholder. The case was decided on other grounds and we think it is distinguishable from the one at bar.

In that case, the Court held that the "form of action to recover from another money which in equity and good conscience he is not entitled to keep is in contract" and the defendant stakeholder having paid the money into Court, the case against him was dismissed.

We are of opinion that there was no prejudicial error in the denial of these two requests for rulings, and since no other matter was argued, we treat the other rulings of the trial judge as having been waived by the defendant.

The report is to be dismissed.

James G. Walsh, for the plaintiff.
Edward D. Novick, for the defendant.