ALICE M. BRADLEY *vs.* ALLEN A. HOOKER & another.

Suffolk.　November 14, 1899. — January 4, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Expert' Testimony.*

In an action for the conversion of a lounge, evidence having been introduced as to its construction and age, a witness who has qualified as an expert may, to the question, " What would be the fair market value of that sofa in July, 1897 ? " answer, " To anybody that liked antique furniture it was worth fifty dollars, but if it was sold at auction, or to a person who did n't care for antique furniture, it ·would be probably from fifteen dollars to twenty dollars."

TORT, for the conversion of one mahogany-frame lounge, covered with plush, old gold in color.

At the trial in the Superior Court, before *Bond,* J., there was evidence tending to prove a conversion on or about July 2, 1897, and for the purpose of proving the damage which the plaintiff suffered therefrom, she called as a witness one Eunice M. Fleury, who, having been asked certain questions for the purpose of showing her qualifications to testify as an expert on the value of the lounge, was asked by the plaintiff, " What would be the fair market value of that sofa in July, 1897 ? " to which question the witness answered: " To anybody that liked antique furniture it was worth fifty dollars, but if it was sold at auction, or to a person who did n't care for antique furniture, it would be probably from fifteen dollars to twenty dollars." The defendants objected to the answer, and asked that it be stricken out ; but the judge overruled the objection. The defendants then objected to that part of the answer which stated that " To anybody who liked antique furniture it was worth fifty dollars," and asked that that part might be stricken out ; but the judge overruled the objection, and the defendants excepted.

There was no evidence from which it could be inferred that the terms " second hand furniture " and " antique furniture " are synonymous with or in any way descriptive of the same kind of furniture, or that such terms were used in that sense by Fleury ; but there was evidence fully describing the construction and age of the lounge.

The only other testimony as to the value of the lounge was that of the plaintiff, who testified that it was worth between fifteen and twenty dollars.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*S. R. Cutler,* for the defendants.

*P. B. Kiernan,* for the plaintiff, was not called upon.

HOLMES, C. J.   The question called for the market value of the converted object, and the answer was an attempt to give it. The market value is at least the highest price that a normal purchaser not under peculiar compulsion will pay at the time and place in question in order to get the thing.   See *National Bank of Commerce* v. *New Bedford,* 155 Mass. 313, 315.   In the stock exchange buyers and sellers are brought together in a focus, with the result that there is no danger of missing the highest price by the accident of missing the man who would give it.   Even if at a given moment there is no buyer of the class that would most desire a certain stock or bond, there is an organized public ready to buy upon the anticipation that such a buyer will be found, and regulating the price which it will pay, more or less by that anticipation.   There is no such focus for old furniture.   The answer very properly recognized the uncertainty of encountering a purchaser who would give the reasonably possible highest price, and named an alternative sum. In a case like this market value is a criterion which oscillates within limits, because, in the absence of a balance wheel like the stock exchange, it cannot be assumed with regard to a single object and a single sale that the element of accident is eliminated, and that the most favorable purchaser will be encountered.

*Exceptions overruled.*