COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
WORCESTER COUNTY TRUST COMPANY & another, trustees.

Suffolk.    January 2, 1940. — March 26, 1940.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Tax,* On legacies and successions.    *Corporation,* Value of stock.    *Appellate Tax Board.*

A statement by the Appellate Tax Board in the part of its decision entitled "Opinion," that the board "rule . . . that the value of the [corporate] stock in question is" a stated amount, which was the amount at which the corporation had the right to purchase it before it could be transferred elsewhere, was interpreted by this court on the record as a ruling of law that that amount was the maximum market value, not as a finding of the value of the stock as a fact.

In determining the market value for inheritance tax purposes of shares of stock of a corporation, closely held, where no market quotations are available and the stock is subject to a restriction in substance that, before a transfer of shares, the shareholder must give the directors an opportunity to buy the shares for the corporation at their book value, such option price is not as a matter of law a limitation on the market value but is only one factor to be taken into consideration in determining as a question of fact the highest price which a hypothetical willing buyer would pay to a hypothetical willing seller in an assumed free and open market.

APPEAL by the commissioner of corporations and taxation from a decision by the Appellate Tax Board.

*E. O. Proctor,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*J. A. Crotty,* for the taxpayers.

QUA, J.    The question in dispute relates to the determination by the commissioner under G. L. (Ter. Ed.) c. 65, § 25, of the value for inheritance tax purposes of shares of stock in Southwell Wool Combing Co.

The amended agreement of association and articles of organization of this corporation provided, in so far as pertinent to the question here involved, that a shareholder desirous of making a transfer should first offer his shares in writing to the directors, who might at their option within thirty days buy the shares in behalf of the corporation at

book value with certain specified adjustments (see *Longyear v. Hardman*, 219 Mass. 405); that this "restriction" should not apply to a transfer in the distribution of the estate of a deceased shareholder to legatees or next of kin; and that the board of directors might waive compliance with these provisions. The stock was closely held and was not listed on any exchange, and there had been no recent sales. The commissioner determined the value of the shares by capitalizing the earnings of the corporation, thereby arriving at the value of $35 per share. The taxpayers contended before the Appellate Tax Board that the restriction upon the transfer of the stock fixing the price at which the transferor might be required to sell it to the corporation was decisive as setting an upper limit to its value.

The Appellate Tax Board in its decision, after ruling that the value to be determined was "fair cash value or market value," discussed several decisions by Federal courts which the board construed as holding that restrictions upon the sale of stock similar to those found in the present case precluded any finding of a value for tax purposes in excess of the option price, and then distinguished our decision in *Bryant v. Commissioner of Corporations & Taxation*, 291 Mass. 498, from the present case on the ground that in this case the limitation upon the sale is incorporated in the articles of organization, applies to all the stock, and is indorsed upon the certificates, whereas "These elements were lacking in the *Bryant* case." The board stated its belief that "the elements present here are sufficient to support a decision that the book value should govern." The opinion then continues, "We rule, accordingly, that the value of the stock in question is $17.91, which was the book value as found, and is the price at which the stock must be offered to the directors . . . ." In view of the rulings of law contained in the cases cited by the board, the distinguishing of the *Bryant* case on grounds which would lead to a different result in law, the use of the appropriate word "rule," and the fact that the entire discussion is placed in that part of the decision entitled "Opinion" and not in the part entitled "Findings of Fact" (see G. L. [Ter. Ed.] c. 58A, § 13, as

amended), we interpret the statement of the board just quoted not as a finding of fact on all the evidence that the market value of the stock was $17.91 a share, but as a ruling of law to which the board will henceforth adhere in similar cases that no market value could be found in excess of the price at which the directors could buy under the option. It therefore becomes necessary to pass upon the correctness of that ruling.

The "value" which is to be "determined" by the commissioner under G. L. (Ter. Ed.) c. 65, § 25, and by the board on appeal, is market value. *National Bank of Commerce* v. *New Bedford,* 175 Mass. 257, 262. *Massachusetts General Hospital* v. *Belmont,* 233 Mass. 190, 206. The issue is the familiar one which must be decided where market value is in question, whether it be for purposes of taxation or in ordinary litigation. When no regular market quotations are available resort must be had to other sources from which light may be shed upon the problem, but the effort is still, in theory, to ascertain by all available and proper means the highest price which a hypothetical willing buyer would pay to a hypothetical willing seller in an assumed free and open market. *Bradley* v. *Hooker,* 175 Mass. 142. *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 265 Mass. 549, 553. In reaching a conclusion all characteristics and attributes of the property which tend to enhance or to diminish its capacity for use or its desirability for resale are to be considered. Commonly no one quality will prove decisive and all virtues and vices inherent in the property must be marshaled and balanced. *Murray* v. *Stanton,* 99 Mass. 345, 348, 349. *Lawrence* v. *Boston,* 119 Mass. 126, 128, 129, 132. *Providence & Worcester Railroad* v. *Worcester,* 155 Mass. 35, 39, 42. *National Bank of Commerce* v. *New Bedford,* 155 Mass. 313. *Boston Belting Co.* v. *Boston,* 183 Mass. 254, 259, 260. *Massachusetts General Hospital* v. *Belmont,* 233 Mass. 190, 206–208. *Blabon* v. *Hay,* 269 Mass. 401, 409. *Meisel Press Manuf. Co.* v. *Boston,* 272 Mass. 372, 382, 383. *Maher* v. *Commonwealth,* 291 Mass. 343, 348. So in this case the restriction upon the free sale of the stock was an element of importance, possibly of determining impor-

tance, but not necessarily so.  For various reasons the stock might be found to possess an actual market value in excess of the option price.  It might have become known that the directors had adopted a policy not to exercise the option, or that they did not intend to exercise it in this instance, or that its exercise would work to the disadvantage of the corporation and was therefore not to be expected.  The extent to which the existence of the option reduces the value of the stock depends, at least in part, upon the known probability of the exercise of the option by the directors.  Perhaps it may sometimes depend upon other things.  The whole matter lies in the realm of fact and is to be ascertained upon all the evidence.  *Tremont & Suffolk Mills* v. *Lowell*, 271 Mass. 1, 19.  If the decision of the board rested upon a finding of fact, we could not say it was wrong.  The evidence, which is not before us, may have warranted the result.  But the option price is not as matter of law a limitation upon the market value.

Several Federal decisions were apparently deemed by the board, not without reason, to support its ruling.  *Helvering* v. *Salvage*, 297 U. S. 106, 109.  *Wilson* v. *Bowers*, 57 Fed. (2d) 682.  *Lomb* v. *Sugden*, 82 Fed. (2d) 166.  To these may be added *Commissioner of Internal Revenue* v. *Bensel*, 100 Fed. (2d) 639.  We do not stop to discuss whether some at least of these cases may be distinguished from the case at bar. If in truth they support the ruling of the board, they are at variance with principles long established in this Commonwealth for the determination of market value.  Compare *Estate of Frank*, 123 Ore. 286; *Estate of Nieman*, 230 Wis. 23, 39.

The case of *Bryant* v. *Commissioner of Corporations & Taxation*, 291 Mass. 498, is not controlling here.  In that case the limitation upon the sale was not inherent in the stock itself but arose out of a contract made by the taxpayer which tended to frustrate the tax laws.

The decision of the Appellate Tax Board is reversed, and further proceedings are to be had before the board to determine as a fact the market value of the stock in accordance with this opinion.

*So ordered.*