Matthias, J.
The primary question raised by this appeal is whether a restrictive buy-and-sell agreement between a close corporation and its shareholders operates to limit the value of the stock for succession tax purposes to the amount at which the corporation has a right to repurchase the stock in the event of the designated occurrences set forth in the agreement.
In other words, can parties, by contracts among themselves, set the value of property owned by them for succession tax purposes?
The agreement in the present case provided that, in the event a shareholder ceased to be an active employee of the company or in the event of the death of the shareholder, the company had the option to repurchase the stock at par value. The agreement contained the following provision:
“Said Ott-Heiskell Company, acting through its board of directors, shall elect within said three month period as to whether or not it is for the best interest of the corporation to purchase said stock at the par value per share and, if said corporation shall exercise said option to take such shares, then upon payment of the par value per share, said stockholder, if living, or his personal representative if he be dead, shall transfer and assign such shares of stock to said corporation and deliver over the certificates of stock representing said shares. If said corporation elects not to purchase said shares of stock, then it shall notify said stockholder, if he be living, or his personal representative if he be dead, of such determination, which *381 notification shall he in writing, and then such stockholder, or his personal representative if he be dead, shall be at liberty to sell and dispose of said shares of stock to any other person or persons.”
Clearly, this agreement merely gave the company the option to purchase the stock at par value and imposed no mandatory obligation on the company to repurchase it.
The valuation of estates for succession tax purposes is vested in the Probate Court. Section 5731.32, Revised Code, provides as follows:
“From the report of appraisal and other evidence relating to any such estate before the Probate Court, such court shall forthwith, upon the filing of such report, by order entered upon the journal, determine the actual market value of all estates, the amount of taxes to which the successions are liable, the successors and legal representatives liable therefor, and the townships or municipal corporations in which the same originated.. * * *”
Thus, the ultimate issue to be determined in any valuation for succession tax purposes is the actual market value of the property involved.
“Market value” is defined in In re Estate of Sears, 172 Ohio St., 443, in the second paragraph of the syllabus, as follows:
“Market value is the fair and reasonable cash price which can be obtained in the open market, not at a forced sale or under peculiar circumstances but at voluntary sale between persons who are not under any compulsion or pressure of circumstances and who are free to act; or, in other words, between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so. ’ ’
It is appellees’ contention that the value set by the agreement is the actual market value of the stock since, under the terms of the agreement, such stock, at the option of the company, had to be resold to the company at par value, and that, even if the company elected not to repurchase such stock and it was sold on the open market, a purchaser, in view of the mandatory resell agreement, would pay no more than par value therefor.
This argument is based , on assumption and speculation. It assumes that the company will find it to its best interest to *382 repurchase the stock at par value, a fact which is not necessarily so; it assumes the continued existence of the agreement, again a fact which does not necessarily follow since the parties could at any time terminate such agreement; and it assumes that all investments are made with the primary object of an assured return of capital invested, which is only one of many factors which may be taken into consideration by an investor. Although a buy-and-sell agreement may well have some influence on the actual price at which a security may be sold on the open market, it is not the sole factor which would determine price. See Commissioner of Corporations and Taxation v. Worcester County Trust Co., 305 Mass., 460.
The fact that there have been sales to and purchases from a corporation of shares for less than book value does not limit the tax on the actual ownership interests. As this court stated in paragraph six of the syllabus in Society for Savings in City of Cleveland v. Peck, Tax Commr., 161 Ohio St., 122, “a property tax may be levied on the ownership and other interests of the owners of a corporation in such corporation at amounts equal to their book values, although, as long as the corporation continues to operate as a going concern, such interests may be withdrawn only at fixed amounts less than their book values and identical interests may be acquired from the corporation by others at such fixed amounts less than their book values.”
The authority and power to evaluate property for successsion tax purposes is vested in the first instance in the Probate Court.
Thus, although shareholders of a corporation and the corporation may contract between themselves in any manner they see fit in relation to the value or transfer of the shares as long as the agreement is not contrary to public policy, they cannot by such agreement limit the power of the state in the valuation or assessment of such shares for the purposes of taxation.
Although a restrictive buy-and-sell agreement between a corporation and its shareholders, whereby the shareholders are required, in the event of cessation of employment with the company or death, to give the company the option of repurchasing such stock at a fixed price, may well be an element for consideration in determining the actual market value of the stock for succession tax purposes, such agreement is not conclusive as *383 to the valuation of the shares. McLure Appeal, 347 Pa., 481; Schroeder, Exrx., v. Zink, Commr., 4 N. J., 1; and In re Estate of Cowles, 36 Wash. (2d), 710.
In other words, parties may not, by contract between them-s.elves, set a valuation on their property which will bind the state in determining the valuation of the property for succession tax purposes.
The appellees contend further that the Probate Court abused its discretion in the manner in which it determined the fair market value of this stock. The criterion set by statute is the actual market value. The best way of determining actual market value is patently an examination of sales on the open market. In the case of close corporations where there are no open market transactions, other methods must be used. In the present case, the only sales made of this stock were intracompany transactions which are indicative of nothing so far as actual market value is concerned. In the absence of sales on the open market, the Probate Court determined the actual market value by applying the formula of capitalizing the average dividend at eight per cent, the average earnings at ten per cent, and the book value of the shares, totaling the results thereof and dividing the total by three. Appellees’ own witness admitted this is a standard measure of valuation.
In view of the fact that under the statute the determination of value reposes in the Probate Court and is a question of fact for its determination, we cannot, under the facts of the present case, say that such court abused its discretion or committed an error of law in determining the value of the stock as it did.
It follows that the Court of Appeals erred in determining that the contract price of this stock under the restrictive agreement was conclusive in determining the value of this stock for succession tax purposes.
The judgment of the Court of Appeals is reversed, and the judgment of the Probate Court is affirmed.

Judgment reversed

Zimmerman, Taet, Bell and Collier, JJ., concur.
Weygandt, C. J., and 0 ’Neill, J., dissent.
Collier, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.