**In re MONAHAN & CO., LTD., Debtor.**

**W. N. PROVENZANO, INC., Plaintiff,**

v.

**MONAHAN & CO., LTD., Defendant.**

**Bankruptcy No. 4–81–00079–G.
Adv. No. 4–81–00135.**

United States Bankruptcy Court,
D. Massachusetts.

March 26, 1982.

Ronald P. Weiss, Bulkley, Richardson & Gelinas, Springfield, Mass., for plaintiff.

Joseph B. Collins, J. D., Kamberg, Berman, Hendel, Gold & West P. C., Springfield, Mass., for defendant.

## MEMORANDUM AND ORDER

### RE: PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY

PAUL W. GLENNON, Bankruptcy Judge.

This motion arises out of a complaint alleging that the defendant converted personal property of the plaintiff, by refusing to return the property which had been delivered to the defendant for inspection and examination only. The plaintiff has filed a motion pursuant to Rule 737 of the Rules of Bankruptcy Procedure and Rule 37(a) of the Federal Rules of Civil Procedure for an order compelling answers to its interrogatories concerning the identity of the transferees of the property which is the subject of its complaint, and compelling the production of certain documents relating to these transfers.

I

W. N. Provenzano, Inc. ("Provenzano" or "plaintiff"), is a manufacturer of jewelry. It alleges that it sent two rings to Monahan & Co. Ltd. ("Monahan" or "debtor"), a retail jeweler, on November 3, 1980. The rings were in the possession of the debtor on February 2, 1981 when it filed a voluntary Chapter 11 petition. The plaintiff delivered the rings to Monahan on a "memorandum agreement" which included language which appears to limit the rights of Monahan to dispose of the rings. Provenzano had demanded return of the rings before the Chapter 11 petition was filed. The rings were not returned, having apparently been sold by Monahan subsequent to the filing of the Chapter 11.

Monahan's defense to the conversion action is that the rings were delivered to it on a consignment for sale or return, that a consignment is covered by M.G.L. ch. 106, § 2–326, and that under § 2–326, Provenzano is no more than an unsecured creditor, having failed to protect its interest by filing in accordance with M.G.L. ch. 106, §§ 9–101 et seq., which deals with secured transactions.

Provenzano had filed interrogatories and a request for the production of documents,

seeking information concerning Monahan's activities with respect to the two rings. The information sought by Provenzano included the identities of the transferees, the dates of each of the transfers, the selling price or other consideration received for each of the transfers, and the identification and production of documents evidencing or relating to each of the transfers. In response to these discovery requests Monahan stated that "[t]o the best of [his] knowledge and belief, both rings were sold." With respect to one of the rings, the identity of the purchaser, the date of sale, and the selling price were all unknown and no documents had been located that would evidence that sale. With respect to the other ring, Monahan stated that he "respectfully refuses to disclose the [purchaser's] identity". He further stated that the selling price of the ring was $4250, that the date of the sale was March 30, 1981, and that the salesperson involved was one Neil Waters. Monahan, however, refused to produce its customer's sales receipt "as its customer's identity is a trade secret and/or otherwise confidential information".

The plaintiff's motion seeks an order "compelling answers to Provenzano's interrogatories concerning the transferees of one or both of the two rings . . . and compelling the production of identified documents relating to such transfers". In oral argument counsel to the plaintiff stated:

We believe that this information is relevant to our action. It is relevant for one reason, to obtain complete relief in this proceeding. One of the aspects of this relief would be the recovery of the rings . . . . The other aspect would be to determine the value of the rings.

*Transcript,* November 3, 1981, p. 6. Upon obtaining the names of the transferees, the plaintiff would join the transferees as defendants in this proceeding.

Monahan contends that the information Provenzano seeks to have produced is not relevant to any issue that will arise in this adversary proceeding, and that subjecting customers of the debtor to suit would only do unnecessary harm to his business while producing no benefit to Provenzano since the debtor's Plan of Arrangement makes specific provision for payment in full of Provenzano's claim in the event it is allowed.

II

First we deal with an argument made by Provenzano that would dispose of this controversy on procedural grounds. Under Rule 33 of the Federal Rules of Civil Procedure "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer".

Provenzano states that Monahan has failed to provide, or in the alternative, to object to, all of the information sought by Provenzano concerning the transfers of the rings. Because of this failure, the plaintiff argues, Monahan should be deemed to have waived any objections it now has to the information sought by Provenzano.

The Court has reviewed Monahan's responses to the interrogatories propounded by Provenzano and to Provenzano's request for documents. The Court finds that as to one of the rings Monahan has responded as fully as possible under the circumstances. He states under oath that he believes he has sold the ring but does not know when, to whom, the price, the name of the employee making the sale, nor can he locate the sales receipt. An order of the court will not produce information that a party does not have.

Regarding the other ring Monahan has provided all the information requested except for the name of the customer purchasing the ring and a copy of the sales receipt. As to the identity of the purchasers, Monahan responded: "As to the [known] purchaser, Defendant respectfully refuses to disclose the person's identity." As to the production of the sales receipt, Monahan replied: "Defendant respectfully refuses to produce its customer's sales receipt as its customer's identity is a trade secret and/or otherwise confidential information."

■ The objecting party must state specific reasons for his objections "so that the court can understand in what way the interrogatories are claimed to be objectionable." 4A Moore's Federal Practice ¶ 33.27 at p. 164. Monahan's objection to producing the sales receipt is specific enough. No reasons are stated by Monahan in his answer to interrogatories for declining to reveal his customer's identity, but neither Provenzano nor the Court is left to deal with the incomprehensible. Monahan's objection is sufficiently clear, both from his reply to the request for the sales receipt and from the subsequent memoranda and oral argument which have become part of the record, for the Court to rule. See *White v. Beloginis*, 53 F.R.D. 480, 15 FR Serv2d 1120 (S.D.N.Y.1971).

## III

■ Rule 26 of the Federal Rules of Civil Procedure permits parties to obtain discovery

> regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

The objecting party has the burden of persuasion that the information sought is not relevant or privileged or otherwise should not be answered. 4A Moore's Federal Practice ¶ 33.27 at p. 167.

On the issue of liability, i.e., whether the debtor held the rings as a bailee or under consignment covered by M.G.L. ch. 106, § 2–326, the identity of any subsequent transferee is irrelevant. If it is found that the rings were delivered on a bailment, the issue becomes whether Monahan converted the rings to his own use. In his answer to Interrogatory No. 7, Monahan stated that he sold one ring and believes he sold the other. This admission moots the need for showing the identity of any transferees to prove conversion.

The relevancy of the sought after information to the question of relief for the plaintiff, should liability be established, is more difficult. Assuming that Provenzano does demonstrate that the two rings were delivered to Monahan on a bailment, Provenzano as a bailor would have a choice of remedies: On a bailee's refusal to return property lent, the bailor may sue to recover the specific property as in replevin, or treat the bailee's refusal as a conversion of that property and recover its value. 8 C.J.S. Bailments § 44, p. 493 (1962). If an owner chooses to sue for conversion, title to the goods will pass to the wrongdoer upon satisfaction of the damages. "The satisfaction by the defendant of a judgment obtained for the full value of the property vests title to the property in him, by relation, as of the time of the conversion." *Spooner v. Manchester*, 133 Mass. 270, 273, (1882).

The nature of the relief sought by Provenzano is not clear to the Court. The complaint, as presently framed, requests the Court to:

> (a) Adjudge that defendant has converted, after the commencement by defendant of the case in bankruptcy, the two rings which were the property of the plaintiff;
>
> (b) Direct defendant to pay forthwith to plaintiff the full amount of the damages sustained by it as a result of defendant's conversion, including reasonable attorneys' fees and interest; and
>
> (c) Grant such other and further relief as may be necessary or appropriate.

That language suggests that Provenzano is seeking to recover the value of the rings. However, granting Provenzano this relief, and the subsequent satisfaction of the judgment by Monahan, would preclude Provenzano from retaking the rings by replevin or pursuing any other action against the transferees because the transferees would be the rightful possessors having obtained the rings from an entity, Monahan, having good title. Since a successful claim for money damages would preclude any remedy

against the transferees, the identity of the transferees remains irrelevant.

■ The case law suggests that, as a general proposition, the plaintiff who can establish that he is entitled to have his goods back, is entitled to the fair market value of the goods at the time of the conversion, or, *at his election* to their return. See *Lawyers Mortgage Investment Corporation v. Paramount Laundries, Inc., et al.*, 287 Mass. 357, 361, 191 N.E. 398, 400 (1934); *C. C. & T. Construction Co., Inc. v. Coleman Bros. Corporation*, 3 Mass.App. 372, 330 N.E.2d 216, 219 (1975), later app., 8 Mass. App. 133, 391 N.E.2d 1256. Because the plaintiff is vigorously pursuing discovery of the purchaser's identity, the Court will assume for the purpose of ruling on this motion, that as to the ring held by the purchaser known to Monahan, the plaintiff does not want money damages, but rather wants to regain possession of the ring. Accepting this premise, the need for discovery of the identity of the purchasers so that he might be joined in the action and have an opportunity to defend his title, is apparent.

The Court notes here that it is troubled by the use of the replevin remedy in this case. From the Court's present understanding of the situation, it would appear that replevin would not put the plaintiff in a better position than would money damages, while it would result in real harm to the debtor. Here we have a Chapter 11 debtor whose plan of reorganization has been confirmed by the Court and who is well along the road to rehabilitation intended by Chapter 11. The debtor is a retail jeweler. Customer goodwill is critical to the success of his business. He operates a single store in a small community. The consequences to the debtor of having one of his customers, and presumably a valued customer since $4250 was paid for the ring, sued for recovery of the ring, are obvious. Potential customers would stay away for fear of suffering the same fate if a dispute should later arise over the true ownership of pieces of jewelry they were to purchase.

On the other side of the scale is the plaintiff's interest in regaining possession of its rings rather than receiving their value in money. This is not a situation where the debtor's ability to satisfy a judgment is in doubt. Pursuant to its plan of Reorganization the debtor has funds in escrow for satisfaction of any judgment rendered against it in this action. The Court is not aware that the rings have some intrinsic value to the plaintiff that is not compensable in money. For example, it has not been suggested that they are Provenzano family heirlooms. Further, it seems likely, since the parties are a wholesaler of jewelry and a retail jeweler, that whatever the legal nature of the delivery of the rings to the debtor, the plaintiff's purpose for delivering the rings was to ultimately effect a sale of the rings. The plaintiff, a wholesale jeweler, wished to convert its product into cash. It would seem that election of the damage remedy by the plaintiff would impose no real harm on the plaintiff while protecting a Chapter 11 business from unnecessary disruption. The Court will not deny the plaintiff a remedy to which it may be entitled at law, but makes these observations to inform the parties of some of the considerations that went into the Court's ruling today on the motion to compel discovery.

The final issue on which the identity of the purchasers might arguably have relevance is the question of the appropriate monetary relief. The measure of damages in an action for conversion is the market value of the property at the time of conversion plus interest from the date of the conversion. *C. C. & T. Construction, supra,* 330 N.E.2d at 219. "The market price is at least the highest price that a normal purchaser not under complusion will pay at the time and place in question in order to get the thing." *Bradley v. Hooker*, 175 Mass. 142, 143, 55 N.E. 848, 849 (1900).

Obtaining the names of the transferees of the rings would facilitate the plaintiff's securing an appraisal of the rings. However, while an appraisal would be relevant on the question of market value, it would also be cumulative given the other evidence presently available to Provenzano on the question of market value. The Court must as-

sume that there is at least one employee of the plaintiff who is familiar with the rings delivered to Monahan and who is qualified to testify as to their market value. Moreover, the plaintiff in three documents attached to its complaint (Exhibits A, B, and C) describes each ring including "price". Evidence will be required on whether the stated prices were retail prices, wholesale prices, or some other category. Should the evidence be that these prices reflected something other than fair market value, it would not be difficult for Provenzano to produce evidence as to what the percentage mark-up would be for rings of this description. In light of the evidence already available to the plaintiff, the Court fails to see what additional contribution a current appraisal would make to the plaintiff's case for money damages.

If replevin is the remedy sought as to the ring held by the identifiable purchaser, an appraisal would be necessary. This is because the plaintiff would be entitled to compensation for any depreciation in value that occurred from the time of conversion to the date of redelivery to the plaintiff. See *Spooner v. Manchester, supra*, 133 Mass. at 272.

### IV

The liberal discovery provisions of the Federal Rules of Civil procedure are an integral part of the overall scheme of litigation in the federal courts. Their scope is unquestionably broad. It is for that very reason that the application of the rules of discovery is subject to the supervisory discretion of the trial judge, whose duty it is to ensure that the quest for discovery does not subsume other important interests.

> *Richards of Rockford, Inc. v. Pacific Gas & Electric Company*, 71 F.R.D. 388, 391 (N.D.Calif.1976).

Based on the considerations set out in this opinion, the Court concludes that compelling the debtor prematurely to disclose the information sought by the plaintiff may cause substantial harm to the debtor and may not be necessary in order for the plaintiff to achieve complete and appropriate relief. Discovery of the identity of the known transferee is necessary only if the Court finds that the rings were delivered on a bailment and if the plaintiff elects replevin as his relief. Being mindful of the harm which may result to the debtor if he is forced to reveal the identity of a valued customer and also being mindful that at some subsequent point in this action that information may be necessary to the plaintiff on the issue of relief, it is hereby ORDERED

1. That if the plaintiff elects to limit its complaint to an action for damages for conversion, the plaintiff's motion for an order compelling discovery is denied, and the trial on the merits shall promptly be scheduled;

2. If as to the ring in the possession of an identifiable purchaser, the plaintiff elects replevin as its mode of relief, the Court will go forward with trial on the issue of whether or not the rings were delivered on a bailment, and withhold its ruling on the plaintiff's motion until it has decided the bailment issue. If it is found that the rings were delivered to the debtor on a bailment, the debtor will be allowed an opportunity to make an informal arrangement with his customer that would result in the ring being made available to the plaintiff without the necessity of the plaintiff's joining the customer in this action.

3. The plaintiff shall inform the Court within twenty (20) days as to whether or not it elects to limit the relief sought in this action to money damages.